IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:17CR00255-RBH(1) |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **JAMES FRANKLIN BADGETT** | ) | |

On March 27, 2017, a Grand Jury indicted the defendant, charging him with violating 18 U.S.C. §922(g)(1). After counsel was appointed to represent the defendant, counsel filed a motion, pursuant to 18 U.S.C. §§4241 and 4242, to determine the defendant's competence to stand trial and whether he was presently suffering from a mental disease or defect which prevented him from understanding the nature and wrongfulness of his acts. See ECF No. 30. I granted the motion and issued an order for the defendant to undergo a forensic mental health evaluation. See ECF No. 31. As a result of this order, the defendant underwent a forensic mental health examination at FMC Lexington. At the conclusion of the evaluation, Dr. Allyson Wood, Psy. D., diagnosed the defendant with delusional disorder, persecutory type, multiple episodes, currently in acute episode. Dr. Wood opined that Mr. Badgett currently was not competent to stand trial.

Thereafter, with the consent of the parties, the court entered an order finding the defendant incompetent and ordered that the defendant be committed to the custody of the Attorney General for a period not to exceed four (4) months, to determine whether there is a substantial probability that the Defendant will in the foreseeable future become competent to stand trial. See ECF No. 53. As a result of that order, the Defendant underwent a forensic mental

1

health examination at FMC Butner. By report[1] dated March 26, 2018, Evan S. DuBois, Psy. D., diagnosed the defendant with delusional disorder, persecutory type, and opined that based on this illness, the defendant was incompetent to stand trial. Dr. DuBois, nevertheless, opined that the defendant's competence could be restored with adherence to a medication regimen. Mr. Badgett, however, has refused to take the medication proffered by the mental health personnel at FMC Butner. Therefore, Dr. DuBois' report is accompanied by a forensic addendum and treatment plan[2] and forensic appendix[3] seeking authorization under *Sell v. United States*, 593 U.S. 166 (2003) to involuntarily administer antipsychotic medication, specifically Risperedal, to defendant in an effort to restore him to competency in the event that the defendant refuses to voluntarily take the prescribed antipsychotic medication.

The defendant has filed a motion to dismiss any proceedings under *Sell,* or, in the alternative, to hold a hearing to determine whether the Government can meet its burden of as to all of the *Sell* factors.[4]. ECF No. 63. In his motion, the defendant does not dispute that he does not have the competence for his proceeding to go forward. In response, the Government has indicated, based on the circumstances of this case, that it does not intend to seek involuntary medication of the defendant under *Sell*.

Based on the foregoing, in particular the undisputed reports from Dr. Wood and Dr. DuBois, I find that the defendant is presently suffering from a mental disease or defect, specifically, delusional disorder, persecutory type, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. I further find that the defendant is unlikely to attain the

---

[1] Filed under seal at ECF No. 61
[2] Filed under seal at ECF No. 61-1
[3] Filed under seal at ECF No. 61-2
[4] *United States v. Evans*, 585 F. 3d 806, 816 (4th Cir. 2009)(clear and convincing evidence)

capacity to permit the proceedings to go forward. Based on 18 U.S.C. §4241(d), the defendant is subject to provisions of 18 U.S.C. §4246.

Based on these findings, the defendant is committed, pursuant to 18 U.S.C. § 4246, to the custody of the Bureau of Prisons for the purpose of conducting an evaluation pursuant to 18 U.S.C. § 4246(b). A report of this evaluation shall be prepared and forthwith transmitted to all parties and the Court. Once the parties have had a reasonable time to review the report, the Court will schedule a hearing pursuant to 18 U.S.C. § 4246(d) to determine whether the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

AND IT IS SO ORDERED.

May 29, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge